

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-29-2003

# Bullock v. Fed Express Newark

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2895

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Bullock v. Fed Express Newark" (2003). *2003 Decisions.* Paper 246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No:02-2895

_____

ROSEMARIE BULLOCK; LLOYD BULLOCK,

Appellants

v.

FEDERAL EXPRESS NEWARK HUB; RON STEVENS; ANDY MCGORTY;
ANTHONY STURNIOLO; JOHN DOE (I-X), (names fictitious);
ABC PARTNERSHIP; XYZ CORPORATION, (names fictitious)

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 01-cv-00979)
District Judge: Honorable John W. Bissell, Chief Judge

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 2, 2003

Before: ALITO, ROTH, and STAPLETON CIRCUIT JUDGES

(Filed: September 29, 2003)

ROTH, Circuit Judge:

Rosemarie Bullock and her husband, Lloyd, brought an employment discrimination action against Federal Express Corporation (FedEx), Ron Stevens, Andy McGorty, and Anthony Sturniolo.  In 1998, FedEx executive management had asked all divisions to reduce their fixed staff by 12%.  Rosemarie Bullock's position as a secretary in the engineering department was one of those to be eliminated.  Between August 18, 1999 and April 2000, Bullock unsuccessfully applied for several vacant positions within FedEx. FedEx then considered Bullock to have voluntarily resigned after her 90-day leave of absence had expired on May 25, 2000.

Subsequently, Bullock filed suit in the Essex County Superior Court, claiming wrongful and constructive discharge, discrimination, hostile work environment, misrepresentation, breach of contract, and intentional infliction of emotional distress. Fedex removed the action to the United States District Court.  On June 6, 2002, the District Court granted summary judgment in favor of the defendants.  The Bullocks appealed.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.  The standard of review of the District Court's decision to grant summary judgment on each of the Plaintiff's claims is plenary review.  *Assaf v. Fields*, 178 F.3d 170, 171 (3d. Cir. 1999).  In reviewing the lower court's decision, we must, upon reviewing the record as a whole, "draw all reasonable inferences in favor of the non-moving party" without weighing the evidence or making credibility determinations.  *Reeves v. Sanderson Plumbing Products*, 530 U.S.

2

133, 150 (2000). If there appears that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," then we must affirm the District Court's grant of summary judgment. *Fed. R. Civ. P.* 56(c) (2003).

We have reviewed all of plaintiffs' claims: that Rosemary Bullock was constructively discharged, that Fedex's reasons for its employment decisions were pretextual, that Rosemary Bullock was subjected to a hostile work environment because of her race and sex, that Fedex retaliated against her because she complained to the Equal Employment Opportunity Commission, that she was terminated in violation of ERISA to prevent her pension rights from vesting, that defendants subjected her to intentional infliction of emotional distress, and that Lloyd Bullock is entitled to damages for loss of Rosemary's services and consortium. After reviewing all the material facts, and viewing the facts in the light most favorable to the Bullocks, we conclude that a reasonable fact finder could not conclude that the Bullocks have established a *prima facie* case on any of Rosemary Bullock's claims or that Fedex's treatment of her amounted to extreme and outrageous conduct; nor then can Lloyd Bullock recover on his claim.

We will, therefore, affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge